**In re DDI CORP., et al., Debtors.**

**No. 03–15261 (SMB).**

United States Bankruptcy Court,
S.D. New York.

Feb. 19, 2004.

Kirkland & Ellis LLP, Richard L. Wynne, Sharon M. Kopman, of Counsel, Los Angeles, CA, Wormser, Kiely, Galef & Jacobs LLP, Janice B. Grubin, of Counsel, New York City, Co–Counsels to Debtors.

Lowenstein & Sandler PC, Ira M. Levee, Michael S. Etkin, of Counsel, New York City, Attorneys for Securities Fraud Class Action Plaintiffs.

## MEMORANDUM DECISION EXPUNGING CLAIM NO. 78 AND DENYING CROSS–MOTION TO FILE LATE CLAIM

STUART M. BERNSTEIN, Chief Judge.

This case involves the application of the doctrine of excusable neglect to a late class proof of claim.[1] Raymond Ferrari, a representative plaintiff in a class action described below, filed a class proof of claim (the "Claim") approximately six weeks after the bar date. The debtors moved to expunge the Claim on the ground, *inter alia*, that it was untimely, and Ferrari, together with three other named representatives in three different class actions,

---

1. The debtors dispute that the class claim in issue is even a "proof of claim." Although this decision refers to the filing as a "proof of claim," it is not intended to decide this issue.

cross-moved for leave to file a late class proof of claim. For the reasons that follow, the cross-motion is denied without prejudice, and the debtors' motion to expunge the Claim is granted.

## BACKGROUND

The debtors filed these pre-arranged chapter 11 cases on August 20, 2003. By order dated September 3, 2003, the Court fixed October 7, 2003, as the deadline, or Bar Date, for filing proofs of claim. According to the debtors, they published notice of the Bar Date in USA Today on September 4, 2003, and served a court-approved Bar Date Notice on all known creditors, interest holders and other interested parties by first-class mail on September 5, 2003.

During October and November 2003, four class actions, since consolidated, were filed in the United States District Court for the Central District of California, respectively, by Raymond Ferrari, Jason T. Sunderland, Herbert Rodewald and Stanley Sved (collectively, the "Representatives") on behalf of themselves and all others similarly situated. The complaints alleged securities fraud in connection with the purchase or acquisition of the publicly traded securities of the debtor, DDi Corp., between December 19, 2000 and April 19, 2002. Each complaint named several of the debtors' current and former officers and directors. DDi was not joined as a party-defendant because it was a debtor under the Bankruptcy Code. No class has been certified, and a hearing on the motion to appoint a lead plaintiff and lead counsel is scheduled to be heard later this month.

On or about November 19, 2003, Milberg Weiss Bershad Hynes & Lerach LLP, counsel for the Representatives, filed the Claim in the DDi Corp. case on behalf of the Representatives and all others similarly situated. The Claim was, in fact, simply a copy of the class action complaint filed by Ferrari in the California District Court. Counsel did not include the Official Form proof of claim or any similar document with the complaint.[2]

The debtors thereupon moved to expunge the Claim on three grounds: (1) it was filed after the Bar Date, (2) it was asserted against the wrong entity, and (3) it was procedurally defective because it failed to include Official Form No. B–10. The Representatives cross-moved on behalf of themselves and the putative class members to allow the late filing of the Claim under the doctrine of excusable neglect. They argued, in the main, that neither they nor their counsel had received actual notice of the Bar Date, and moreover, they had no knowledge of the Bar Date.

Following oral argument, I denied the cross-motion without prejudice for the reasons stated on the record, and explained more fully below. I reserved decision on the debtors' motion, and now grant it.

## DISCUSSION

■ While the majority of bankruptcy courts permit the filing of a class proof of claim, see In re Woodward & Lothrop Holdings, Inc., 205 B.R. 365, 369 (Bankr. S.D.N.Y.1997), late class claims present unique problems as this case shows. Like other late claims, a late class claim contravenes the bar order entered in the case. Bar orders, however, are not to be disregarded lightly:

A bar order serves the important purpose of enabling the parties to a bank-

---

2. For this reason, the debtors dispute that the Claim even qualifies as a "proof of claim." In light of the disposition of the motion and cross-motion, it is not necessary to decide this issue.

ruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization.... Thus, a bar order does not "function merely as a procedural gauntlet," but as an integral part of the reorganization process. *First Fidelity Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir.1991) (citation omitted).

The Court may nevertheless grant relief from the bar date when the late filing is due to excusable neglect. The determination of excusable neglect involves the weighing of several factors, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The creditor seeking relief from the bar date has the burden of proving excusable neglect. *Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir.2000); *Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, Adv. Pro. 96–8389, 1997 WL 327105, at *10 (Bankr.S.D.N.Y. June 12, 1997); *In re R.H. Macy & Co.*, 161 B.R. 355, 360 (Bankr.S.D.N.Y.1993).

The application of the excusable neglect analysis to late class claims raises particular concerns. Some of the *Pioneer* factors, including the reason for the delay, the control over the delay and the existence of good faith, will vary among creditors. Thus, a creditor who received actual notice of the bar date but ignored it, or who acted in bad faith, is less likely to obtain relief from the deadline than the creditor who did not receive any notice. Here, for example, Jason T. Sunderland,

one of the Representatives, apparently got actual notice of the Bar Date, but failed to file an individual proof of claim. Extending the bar date to permit a late class claim may allow the lax creditor to avoid his own fault in failing to file a timely, individual claim. *See, e.g., Kahler v. FIRSTPLUS Fin., Inc. (In re FIRSTPLUS Fin., Inc.)*, 248 B.R. 60, 73 (Bankr. N.D.Tex.2000); *In re Jamesway Corp.*, 1997 WL 327105, at *10. In effect, the class member who purposely ignored the bar date without good reason would get a second chance, while the similarly situated individual creditor would not.

There may be circumstances in which a class should be permitted to file a late claim. For instance, if a class was certified prior to the bar date, or the class action was commenced against the debtor prior to the petition date, the class may be a "known creditor." Known creditors are entitled to actual notice of the bar date, *see City of New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 97 L.Ed. 333 (1953), and the failure to give actual notice to a known creditor might, without more, justify relief from the bar date. *See In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y.1993)("If Claimant was a known creditor, it was entitled to actual notice of the bar date and will be permitted to file a proof of claim. If Claimant was unknown, the excusable neglect standard applies.")

*In re Spring Ford Indus., Inc.*, No. 02–15015DWS, 2003 WL 21785960 (Bankr. E.D.Pa. July 25, 2003), illustrates this situation. There, a class of former employees commenced an action against the debtor prior to the petition date, charging violations of the Worker Adjustment and Restraining Notification Act, 29 U.S.C. §§ 2101, *et seq.* The class had not yet been certified by the time that the chapter 11 case was commenced. The debtor scheduled the class action litigation, but

did not schedule the class members as creditors, or provide them with actual notice of the bar date. The class filed a late claim, the debtor moved to expunge it, and the class moved to enlarge the time within which to file the class claim.

The bankruptcy court granted the creditors' motion under the doctrine of excusable neglect. The court concluded, *inter alia*, that the class members were known creditors because they had initiated their lawsuit pre-petition, and the debtor had scheduled the lawsuit, and sent them a copy of the bankruptcy petition. *Id.* at *3. Yet the debtor failed to send actual notice of the bar date. Consequently, they had good reason for their delay in filing the class claim. *See id.*

▮ The instant case, however, stands in sharp contrast. DDi Corp. commenced its chapter 11 case in August, 2003, and mailed the Bar Date Notice in early September 2003. The Bar Date was fixed as October 7, 2003. The Ferrari complaint was not filed in the California District Court until October 1, 2003, six days before the deadline. Furthermore, because of the automatic stay, DDi Corp. was not named as a party-defendant. Under these circumstances, the class was an unknown when the Bar Date was procured and the Bar Date Notice was mailed, and the debtors were not required to send the Bar Date Notice to the class counsel. Consequently, the excusable neglect analysis must focus on the circumstances surrounding the individual creditor's failure to file a timely proof of claim.

I denied the cross-motion from the bench, primarily for the reasons just stated, but reserved decision on the question of whether the Claim should be expunged as a matter of law. In retrospect, the motion to expunge should have been granted at the same time. There may be reasons why the class members cannot establish excusable neglect as a matter of law.

There may also be reasons why the Claim must be expunged even if it is deemed timely. It is not, however, necessary to decide these issues at this time. The class Claim—assuming it is a "claim"—is plainly late.

Accordingly, the motion to expunge the Claim is granted. The foregoing is without prejudice to the right of each class member to seek permission to file a late claim, or join in a late class claim, for the reasons stated. Settle order on notice.